PER CURIAM.
This matter is before the Court for consideration of proposed amendments to the Florida Rules of Appellate Procedure. We have jurisdiction. See art. V, § 2(a), Fla. Const.
The Appellate Court Rules Committee (Committee) has filed an out-of-cycle report of proposed rule amendments in response to recent legislative changes. The Committee proposes an amendment to rule 9.110 (Appeal Proceedings to Review Final Orders of Lower Tribunals and Orders Granting New Trial in Jury and Non-Jury Cases), subdivision (n) (Exception; Appeal of Final Order Dismissing Petition for Judicial Waiver of Parental Notice of Termination of Pregnancy). The proposal is in response to a recent amendment to section 390.01114(4)(b), Florida Statutes (2010), made by chapter 2011-227, section 1, Laws of Florida, which became effective October 1, 2011. See ch.2011-227, § 3, Laws of Fla.[1] The Executive Committee of the *225 Florida Bar Board of Governors approved the proposals by a vote of eleven to zero, following the Committee’s approval by a vote of twenty-seven to one.
Upon consideration, we amend rule 9.110(n) as proposed by the Committee. The aforementioned amendment to section 390.01114(4)(b), Florida Statutes, states that if a circuit court does not grant a petition for judicial waiver of parental notice of termination of pregnancy, the petitioning minor has the right to appeal and the appellate court “must rule within 7 days after receipt of appeal.” Ch.2011-227, § 1, Laws of Fla. Rule 9.110(n) is thus amended to require the appellate court to “render its decision on appeal as expeditiously as possible and no later than 7 days from the transmittal of the record.”
Accordingly, Florida Rule of Appellate Procedure 9.110(n) is hereby amended as set forth in the appendix to this opinion. New language is underscored; deleted language is stricken through. The amendment to the rule shall become effective immediately upon the release of this opinion. Because the amendment was not published for comment prior to its adoption, interested persons shall have sixty days from the date of this opinion in which to file comments with the Court.[2]
It is so ordered.
CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and PERRY, JJ., concur.
APPENDIX
RULE 9.110. APPEAL PROCEEDINGS TO REVIEW FINAL ORDERS OF LOWER TRIBUNALS AND ORDERS GRANTING NEW TRIAL IN JURY AND NON-JURY CASES
(a)-(m) [No Change]
(n) Exception; Appeal of Final Order Dismissing Petition for Judicial Waiver of Parental Notice of Termination of Pregnancy. If an unmarried minor or another person on her behalf appeals an order dismissing a petition for judicial waiver of parental notice of termination of pregnancy, the clerk of the lower tribunal shall prepare and transmit the record as described in rule 9.200(d) within 2 days from the filing of the notice of appeal. The district court of appeal shall render its decision on appeal as expeditiously as possible and no later than 107 days from the filing-of-the notice of appealthe transmittal of the record. Briefs or oral argument may be ordered at the discretion of the district court of appeal. The minor may move for leave to file a brief and may request oral argument. If no decision is rendered within the foregoing time period, the order shall be deemed reversed, the petition shall be deemed granted, and the clerk shall place a certificate to this effect in the file and provide the minor with a certified copy of the certificate. The appeal and all proceedings thereon shall be confidential so that the minor shall remain *226 anonymous. The file shall remain sealed unless otherwise ordered by the court. Should the dismissal of the petition be reversed on appeal, the clerk shall furnish the petitioner with a certified copy of the decision or the clerk’s certificate for delivery to the minor’s physician. No filing fee shall be required for any part of an appeal of the dismissal of a petition for a waiver of parental notice of termination of pregnancy.
Committee Notes
[No change]

. This provision of die session law states that it shall take effect "October 1, 2011, or upon the adoption of rules and forms pursuant to 390.01114(5), Florida Statutes, by the Supreme Court for purposes of the amendment of s. 390.01114, Florida Statutes, by this act, *225 whichever occurs earlier.” See ch.2011-227, § 3, Laws of Fla.

. An original and nine paper copies of all comments must be filed with the Court on or before April 30, 2012, with a certificate of service verifying that a copy has been served on the committee chair, Jamie Billotte Moses, Post Office Box 712, Orlando, Florida 32802-0712, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The committee chair has until May 21, 2012, to file a response to any comments filed with the Court. Electronic copies of all comments and responses also must be filed in accordance with the Court’s administrative order In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004).